IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DEREK W.,[1] | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:23-CV-00068-H-BU |
| COMMISSIONER OF SOCIAL SECURITY, | § § § | |
| Defendant. | § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Derek W. filed this action seeking judicial review of an unfavorable decision of the Commissioner of Social Security regarding their Title II Social Security disability and disability insurance benefits. *See* Dkt. No. 1. Under Special Order No. 3-251 of this Court, this case was automatically referred to the undersigned for the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations of dispositive matters.

The Commissioner filed an Unopposed Motion to Remand on June 16, 2023. Dkt. No. 13. The undersigned recommended that the Court grant the Motion and remand the case for further administrative action under the fourth sentence of 42 U.S.C. § 405(g). Dkt. No. 14. United States District Judge James Wesley Hendrix issued an Order and Judgment

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

accepting the recommendation. Dkt. Nos. 15–16. His Order reversed the ALJ's decision and remanded the case to the Commissioner of Social Security for further proceedings. Dkt. No. 15.

Now before the Court is Plaintiff's Unopposed Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA), filed October 22, 2023. Dkt. No. 17. The Motion includes a certification that Plaintiff's counsel has conferred with counsel for the Commissioner and that there is no objection to the Motion. *Id.* at 6.

In the brief supporting the Motion, Plaintiff asserts that attorney's fees are justified because Plaintiff is the prevailing party, and the Social Security Administration's position was not substantially justified. *Id.* at 1–2. Plaintiff seeks recovery for 11.5 hours of attorney services at an hourly rate of $220.00. Dkt. No. 17-1 at 2–3. The total amount of requested attorney's fees is $2,530.00. *Id.* at 3.

The undersigned has independently determined that the hourly rate and the number of hours sought by Plaintiff are reasonable. *See Alexander v. Saul*, 3:19-CV-0511-K-BH, 2020 WL 7327984, at *2 (N.D. Tex. Nov. 12, 2020) (collecting cases that found high numbers of attorney hours were reasonable given the plaintiff's success and considering all the work performed).

Accordingly, the undersigned RECOMMENDS that the Court GRANT Plaintiff's Motion and award $2,530.00 in attorney's fees to be paid to Plaintiff in the care of her attorney.

ORDERED this 3rd day of November 2023.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE